Dakota Clay Ahlgrim No. 71109
Name

Penitentiary of New Mexico

P.O. Box 1059, Santa Fe, NM 87504
Address

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 09 2012

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Dakota Clay Ahlgrim, Plaintiff
(Full Name)

v.

Roberta Lucero-Ortega,
Joseph Pacheco, , Defendant(s)
individually and in
their official capacities.

CASE NO. 12cv1162 JP/CG
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A. JURISDICTION

1) Dakota Clay Ahlgrim, is a citizen of New Mexico
(Plaintiff) (State)
who presently resides at Penitentiary of New Mexico North
(Mailing address or place of confinement)
Facility, P.O. Box 1059, Santa Fe, NM 87504.

2) Defendant Roberta Lucero-Ortega is a citizen of
(Name of first defendant)
Santa Fe, New Mexico, and is employed as
(City, State)
PNM North Facility Housing Unit 1 Manager. At the time the claim(s)
(Position and title, if any)
alleged in this complaint arose, was this defendant acting under color of state law?
Yes ☒ No ☐ If your answer is "Yes", briefly explain:
She was "on the job."

3) Defendant Joseph Pacheco is a citizen of
(Name of second defendant)

Santa Fe, New Mexico, and is employed as
(City, State)

PNM North Facility Housing Unit 1 Sergeant. At the time the claim(s)
( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☒ No ☐ If your answer is "Yes", briefly explain:

He was "On the job."

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

Upon Sergeant Joseph Pacheco's arrival as Housing Unit 1 Sergeant, he has been conducting, and ordering Housing Unit 1 Pod officers to conduct, unlawful and unnecessary routine strip searches (i.e. Visual body cavity searches, in front of cameras and several other inmates and sometimes in front of female officers) on all Housing Unit 1 inmates, including myself, every time we leave and come back to our cells. These searches are even against the Prisons own Policies and Procedures. I filed an informal complaint with Unit 1 Manager Roberta Lucero-Ortega, to which she answered as "resolved" and told me that the searches were necessary and totally ignoring the fact that I even cited the Prisons Policy and procedure in my favor, making illegitimate excuses to back her invalid argument in condoning the searches.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1) Count I: Fourth Amendment/unreasonable searches and seizures.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

* see Attachment A. *

B)(1) Count II: Eighth Amendment / Cruel and Unusual Punishment

(2) Supporting Facts: * see Attachment A. *

C)(1) Count III: Negligence

(2) Supporting Facts:

*see Attachment A.*

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit.

Plaintiffs: ______________________

Defendants: ______________________

b) Name of court and docket number:

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

d) Issues raised: ______________________

e) Approximate date of filing lawsuit: ____________________

f) Approximate date of disposition: ____________________

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☒ No ☐ If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought. I filed an informal complaint with the Housing Unit 1 Manager, Roberta Lucero-Ortega, to which she answered as "resolved," totally ignoring the facts in my favor and Condoning the searches using an illegitimate excuse to back her invalid argument while, I would assume as anyone else would, knowing they are against the Prisons own Policies / Procedures. She claims that the issue is not grievable beyond this point, therefore exhausting my remedies.

(* See Exhibit A. *)

## E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: 1.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States, 2.) An ex-parte and permanent injunction ordering Defendants and all NMCD officials to stop conducting unreasonable visual body cavity searches and either cover, or remove security cameras, from direct view of strip cages while conducting strip searches, 3.) Punitive damages in the amount of Fifty Thousand dallars ($50,000.00), 4.) Nominal Damages, 5.) A jury trial on all issues triable by jury, 6.) Plaintiff's costs in this suit, 7.) Any additional relief this court deems just, proper and equitable, 8.) Release from Level Six to a Level three Facility.

____________________
Signature of Attorney (if any)

[signature]
Signature of Petitioner

Attorney's full address and telephone number.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at Penitentiary of New Mexico on Nov. 5th 2012.
(Location) (Date)

[signature]
(Signature)

* Attachment A., Supporting Facts – Ahlgrim v. Lucero-Ortega, et al.

1.) Upon arrival of Defendant, Joseph Pacheco, as the Housing Unit 1 Sergeant here at PNM North, Housing Unit 1, inmates' have been forced to comply with routine and unnecessary visual body cavity searches, every time we leave our cells and every time we come back to our cells, in front (In direct view of) security cameras, several other inmates and sometimes in front of female Officers.

2.) These searches are also against PNM's own Policies and Procedures. Policy PNM-032400 (C.) and Procedure PNM-032401 (B.) (4.) (C.), ACA Standard 4-4194, state clearly that "there shall be no routine body cavity searches. Visual body cavity searches (or visual inspecting of inmate body cavities) is conducted by an officer of the same sex, in private, and is based on reasonable belief that the inmate is carrying contraband. Reasonable belief is not required when inmates return from contact with the general public or from outside the institution.

3.) The Defendants have both told me that this particular doesn't apply to them because PNM is a maximum security facility, so they do not require reasonable belief to conduct these searches. This is not true, as this particular policy and procedure is specifically applicable to this Facility. Policies and Procedures that begin with "CD" are for (generally) the entire Department and those that begin with "PNM" are specifically for this Facility (PNM). This is general and common Prison Knowledge.

4.) This argument of theirs is even more so invalid because we rarely leave the institution and never have contact with the general public. Their argument to this fact was that "we could be bringing drugs or weapons in from the recreation cages, Education Cages, etc." This argument is invalid as well because these areas are suppose to be searched before and after an inmate arrives and returns to them, per Procedure PNM-032401 (D.) (5.) (a.) (1). Procedure PNM-032401 (F) (2) clearly states that "recreation Pens shall be searched prior to the beginning of recreation." So, if the officers are doing their job, then there is no need to worry of such, therefore there is no applicable reasonable belief standard in these situations.

5.) When a visual body cavity search is necessary, they are suppose to be conducted in Private, as stated in paragraph 2. These searches have not been necessary and are being conducted in direct view of the Control center, security cameras, other inmates and sometimes females.

6.) These searches are humiliating, embarrassing and indignifying. Procedure PNM-032401 (B), obligates officials to avoid such searches (also ACA standard 4-4192).

7.) I am suing both Defendants individually and in their official capacities.

* Exhibit A.* Page 1 of 3

Form CD-150501.3
Revised 02/23/11 Page 1

**NEW MEXICO CORRECTIONS DEPARTMENT**

**INMATE INFORMAL COMPLAINT**

Inmate Name: Dakota C. Ahlgrim NMCD#: 71109

Facility: PNM North VI HU/Cell #: 1B-F101 Date of Incident: On going issue.

Name of subject or person to whom the complaint was filed against: Unnecessary and unlawful visual body cavity searches/violation of Policies and Procedures.

Explain your complaint in detail: * See Attachment A. *

Inmate Signature: [signature] Date: 9-23-12

**Reviewing Staff Member**

Date Received: 10/9/12

I, R Lucero Ortega (Reviewing Staff Member) have reviewed the above informal complaint and

Recommend: ( ✓) Resolution ( ) Recommend formal grievance

Explain: see attached

Staff Member: R Ortega / [signature] (Print / Sign) Date: 10/30/12

Acknowledged by the signatures below, this informal complaint is: ☑ **Resolved** ☐ **Unresolved**

Reviewing Staff Member: R Ortega / [signature] (Print / Sign) Date: 10/30/12

Staff Witness: ____ / ____ (Print / Sign) Date: ____

Inmate: ____ / ____ (Print / Sign) Date: ____

**If this informal complaint could not be resolved, the inmate may pursue a formal grievance within 20 calendar days of the date of incident.**

**Attach this document to the Formal Grievance.**

* Attachment A, Informal Complaint *

9-23-12

This is a complaint regarding the unnecessary and unlawful visual body cavity searches, which are in violation of Prison Policies and procedures as well, being conducted by officials here in HU-1B. Policy PNM-032401, (B)(4)(c), ACA standard 4-4194, states that " There shall be no routine instrument or body cavity searches. Visual inspecting of inmate body cavities is conducted by an Officer of the same sex, in private, and is based on reasonable belief that the inmate is carrying contraband. Going to and from recreation is not enough for reasonable belief, nor is going to and from areas within the institution, such as medical, education, from Unit to Unit, etc. This procedure is being carried out by Officers, who are ordered to carry these procedures out by Sergeant Joseph Pacheco. Sgt. Pacheco is not authorized by the Secretary, Warden, Deputy Warden or the Unit Manager, to carry out, or order to be carried out, these visual body cavity searches, as they are unlawful and against Policy/Procedure and ACA Standards. Sgt. Pacheco is going by the General Policy, Policy PNM-032401, (B)(2)(g), ~~[illegible]~~ The Procedure mentioned above, the specific policy, is the ~~[illegible]~~ appropriate procedure in these situations. Also, having cameras in direct view of the strip cages is unlawful as well, they must be at least covered while inmates are being strip searched. That, on top of the visual body cavity searches are in violation of the inmates' Eighth and Fourth Amendment Rights and must be corrected as soon as possible. All inmates' here in Housing Unit 1B have been and are still being subjected to these unnecessary and unlawful, embarrassing and indignifying searches. This issue started as soon as Pacheco became HU-1B sergeant.

[signature]

Dakota C Ahlgrim #71109

* Exhibit A.* Page 3 of 3

PENITENTIARY OF NEW MEXICO - LEVEL VI

**To**: Dakota Ahlgrim #71109

**From**: **Roberta Lucero-Ortega**, Unit Manager

**Date**: October 30, 2012

**Regarding**: Informal Complaint – Unnecessary body cavity searches

Policy defines Level VI as the most restrictive custody statuses for inmates posing the greatest rick to institutional security and the safety of others. Inmates housed in Level VI are inmates that cannot function in a general population setting based on classification designation.

As a result, all inmates housed in a maximum security facility or the most restrictive facility are to be properly strip searched to include a visual body search. It is in the facilities best interest to uphold proper strip searches based on the level of security restrictions of a Level VI facility.

This writer finds no policy violations on behalf of Sgt. Joe Pacheco. Moreover, the contents of this informal are not grievous under present policy.

Thanks,

Roberta Lucero-Ortega

Dakota Clay Ahlgrim #71109
Penitentiary of New Mexico
Housing Unit 1B-F101, Lvl 6 North
P.O. Box 1059
Santa Fe, NM 87504

Hasler
11/08/2012
US POSTAGE
$02.70
ZIP 87508
011D126027

* LEGAL PRIVILEGED MAIL *
IMPORTANT PENDING CASE
DOCUMENTS ENCLOSED

United States District Courthouse
District of New Mexico
Office of the Clerk, Suite 270
333 Lomas Blvd. N.W.
Albuquerque, NM 87102

RECEIVED
At Albuquerque NM
NOV 09 2012
MATTHEW J. DYKMAN
CLERK